UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDUL J. JAMES,

    Plaintiff,

v.

RPD - CHIEF OF POLICE; et al.,

    Defendants.

No. C 12-2919 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Abdul J. James, formerly and once again an inmate at the West County Detention Facility in Contra Costa County, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, James alleges the following:

On March 17, 2012, James was stopped by Richmond police officers Stewart and Galvanize[1] on suspicion of robbery. He was cleared as a possible suspect without being arrested or taken into police custody. Officer Galvanizer conducted a field interrogation of James in a "humiliating" and "unethical" manner, trying to generate cause to arrest James, but ultimately did not arrest him. When they released James from the field detention, the officers said, "'we're going to get you.'" Docket # 1, p. 5.

---

[1] Plaintiff identifies the second police officer variously as officer "Galvanize," "Galvanizer" and "Galviz."

About two days later, a robbery occurred in Richmond. Officer Silva, acting with a vindictive and hostile attitude, put James' photograph in the photo lineup, "even though the description of the alleged robbery suspect was vague at most." *Id.* James' photo was not chosen during the photo lineup.

On another occasion, James was accused of kidnaping for the purpose of robbery and robbery, and was detained based on the description of the suspect. He was put in a photo lineup with other persons whose physical appearances apparently were different. James does not state what the result of the photo lineup was, i.e., whether he was arrested and/or prosecuted.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A.  The Detention By Police

The Fourth Amendment to the U.S. Constitution prohibits unreasonable searches and seizures. It is well-established that the reasonableness of a search or seizure depends upon "not only when [it] is made, but also how it is carried out." *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985). "In other words, even when supported by probable cause, a search or seizure may be invalid if carried out in an *unreasonable* fashion." *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th

Cir. 1994) (emphasis in original); *see, e.g., id.* (seizure was unreasonable where elderly disabled resident was removed from his sickbed, handcuffed for two hours and required to sit with his genitals exposed to almost two dozen people during a search of residence pursuant to a search warrant); *Nelson v. City of Davis*, 685 F.3d 867, 878-83 (9th Cir. 2012) (officers' general interest in clearing apartment building of party-goers did not justify firing pepperballs at group that was not actively resisting officers). "Whether an otherwise valid search or seizure was carried out in an unreasonable manner is determined under an objective test, on the basis of the facts and circumstances confronting the officers." *Franklin*, 31 F.3d at 875. The relevant factors to consider have been fleshed out mostly in cases involving the use of excessive force, but apply to any form of police conduct. *See id.* at 876. Those factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal citations and quotation marks omitted).

The allegations of the complaint, even liberally construed, are insufficient to allege a violation of James' Fourth Amendment rights. He has not described the circumstances of the detention, such as its length and whether he was handcuffed, and has not described what the officers did during the interrogation that he considers to have been humiliating and unethical. Leave to amend will be granted so that James may provide a more detailed description of what happened during the detention that allegedly violated his Fourth Amendment rights.

B.   The Use of James' Photo

The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution has a substantive component that bars "'certain government actions regardless of the fairness of the procedures used to implement them.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (citation omitted). With regard to executive acts, such as the acts of police officers, "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,'" or "that which shocks the conscience." *Id.* at 846. The Constitution "does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the

3

threshold of constitutional due process." *Id.* at 849. Only "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level" that would amount of a violation of a person's substantive due process rights. *See id.*

Here, the alleged use of James' photo in photo lineups does not rise to the conscience-shocking level necessary for a due process violation. Leave to amend will be granted so that he can attempt to allege additional facts that might show the officers' conduct to amount to a due process violation.

The inclusion of the Contra Costa County District Attorney as a defendant suggests that James may have been prosecuted for a crime as the result of the use of his photograph in the second photo lineup. If that is the situation, James needs to allege those facts and also needs to provide information as to whether the criminal charges are still pending, resulted in a conviction, or resulted in a dismissal. The status of the criminal charges may affect the viability of such a claim for damages. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (plaintiff cannot obtain damages in a § 1983 action for alleged constitutional violations in connection with his criminal prosecution if he was convicted, unless that conviction already has been determined to be wrongful or otherwise set aside).

C.  Linking Defendants

The complaint also is deficient in that it does not link several defendants to any claim. There are no allegations against the Richmond Police Department, the Richmond police chief, or the Contra Costa County District Attorney. In his amended complaint, James must allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). He is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights.

4

*See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

## CONCLUSION

The amended complaint fails to state a claim upon which relief may be granted against any defendant. Leave to amend will be granted so that James may attempt to state a claim. The amended complaint must be filed no later than **June 21, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. James is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: May 20, 2013

_____
SUSAN ILLSTON
United States District Judge

5