UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDUL J. JAMES,

    Plaintiff,

    v.

RPD - CHIEF OF POLICE; et al.,

    Defendants.

        No. C 12-2919 SI (pr)

        **ORDER OF DISMISSAL**

## INTRODUCTION

Abdul J. James filed this *pro se* civil rights action under 42 U.S.C. § 1983. The court reviewed the original complaint and dismissed it with leave to amend. James filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his amended complaint, James alleges the following:

On March 17, 2012, James was removed from a friend's house at gunpoint by Richmond police officer Galvanize on suspicion of robbery and for evading the officer while riding a bicycle. James was handcuffed and held on the sidewalk for about thirty minutes by Richmond police officer Stewart while the friend's house was searched. Officer Stewart refused James' request to be placed in the back of the patrol car, causing him to suffer the humiliation and embarrassment of standing on the sidewalk where he could be seen by the whole neighborhood. Then, officer Galvanize took James to the street and held him there for approximately 15 minutes before the victim came. Officer Galvanize asked him to widen his stance, which James did until he realized that it made him appear shorter than he actually was, so he stood tall. He

1  was cleared by the victim. After being cleared by the victim, James got into a shouting match
2  with the police officers, who stated, "we're going to get you." Docket # 12 at 2.

3  About two days later, a robbery occurred in Richmond. The victim stated that a Black
4  man wearing a mask and carrying a gun robbed her, but did not state anything else about his
5  physical description. James' photo was placed in a line-up for the victim, but he apparently was
6  not selected, as he alleges that he "was never charge[d] in this case and was cleared also by this
7  victim." *Id.* at 3. Officers Kaiser, Clark and Silva "never put in their reports while searching
8  a set of apartment that they had another suspect in mind, by the name of Lamont Danile" and
9  never explained why James' photo was included in the lineup. *Id.*

## DISCUSSION

12  A federal court must engage in a preliminary screening of any case in which a prisoner
13  seeks redress from a governmental entity or officer or employee of a governmental entity.
14  *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and
15  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
16  be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.*
17  at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police*
18  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

19  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
20  a right secured by the Constitution or laws of the United States was violated and (2) that the
21  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
22  U.S. 42, 48 (1988).

24  A.    The Detention By Police

25  The Fourth Amendment to the U.S. Constitution prohibits unreasonable searches and
26  seizures. It is well-established that the reasonableness of a search or seizure depends upon "not
27  only when [it] is made, but also how it is carried out." *Tennessee v. Garner*, 471 U.S. 1, 7-8
28  (1985). "In other words, even when supported by probable cause, a search or seizure may be

1 invalid if carried out in an *unreasonable* fashion." *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th
2 Cir. 1994) (emphasis in original); *see, e.g., id.* (seizure was unreasonable where elderly disabled
3 resident was removed from his sickbed, handcuffed for two hours and required to sit with his
4 genitals exposed to almost two dozen people during a search of residence pursuant to a search
5 warrant); *Nelson v. City of Davis*, 685 F.3d 867, 878-83 (9th Cir. 2012) (officers' general interest
6 in clearing apartment building of party-goers did not justify firing pepperballs at group that was
7 not actively resisting officers). "Whether an otherwise valid search or seizure was carried out
8 in an unreasonable manner is determined under an objective test, on the basis of the facts and
9 circumstances confronting the officers." *Franklin*, 31 F.3d at 875. The relevant factors to
10 consider have been fleshed out mostly in cases involving the use of excessive force, but apply
11 to any form of police conduct. *See id.* at 876. Those factors include "the severity of the crime
12 at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and
13 whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal
14 citations and quotation marks omitted).

15 James contends that he was subjected to a seizure conducted in an unreasonable manner.
16 The allegations of the amended complaint, even liberally construed, are insufficient to allege a
17 violation of James' Fourth Amendment rights. Detaining a robbery suspect on a sidewalk during
18 the search of the house from which he was taken and requesting that the suspect widen his stance
19 during a field show-up did not amount to seizure that was conducted in an objectively
20 unreasonable manner. The Fourth Amendment claim is dismissed.

22 B.   <u>The Use of James' Photo</u>

23 The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution has a
24 substantive component that bars "'certain government actions regardless of the fairness of the
25 procedures used to implement them.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998)
26 (citation omitted). With regard to executive acts, such as the acts of police officers, "only the
27 most egregious official conduct can be said to be 'arbitrary in the constitutional sense,'" or "that
28 which shocks the conscience." *Id.* at 846. The Constitution "does not guarantee due care on the

3

part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id.* at 849.  Only "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level" that would amount of a violation of a person's substantive due process rights.  *See id.*

Here, the alleged use of James' photo in photo lineups does not rise to the conscience-shocking level necessary for a due process violation.  The allegations that the victim provided only a very vague description of her robber, that the police had another suspect in mind, and that the police never told James why his photo was in the lineup simply do not rise to the conscience-shocking level necessary for a violation of James' substantive due process rights.  The due process claim is dismissed.

## CONCLUSION

This action is dismissed because the amended complaint fails to state a claim upon which relief may be granted against any defendant.  The clerk shall close the file.

IT IS SO ORDERED.

Dated:   September 23, 2013

_____
SUSAN ILLSTON
United States District Judge

4